"Welch, J.
We concur with the court below. We think -the payment of the $14,548.61 was in law and in fact a payment by Dair, and not by David Gibson & Co. We are of opinion also that it was a payment made within the purview of the condition of the mortgage, entitling Dair to its protection. The transaction was in legal effect precisely' what it would have been had Gibson & Co. paid the money to Dair, in discharge of their liability to him, and had Dair himself applied the money in payment of the notes. If we believe the witnesses at all, and there seems no reason to ■doubt their truth, it is evident that Gibson & Co. acted as the agents of Dair, and instead of paying the money over to him, as they otherwise, doubtless would have done, at his request and as his agents, they paid it in satisfaction of the notes and for his benefit. The fact that some part of the money thus appropriated may have been still outstanding, in the hands of parties to whom whisky had been sold by Gibson & Co. for account of Dair, does not seem to us to vary the case. If such were the fact, the arrangement between the parties had the effect to transfer these outstand *196 ing claims to Gibson & Co., if the latter were not already properly chargeable with the same. Whether they were-then chargeable with the whole of the amount so paid, seems to be a controverted fact. We deem it immaterial. But were it material, we should feel bound by the finding of the court below, which seems to have had evidence sufficient to warrant a finding that the whole amount was-chargeable to Gibson & Co.
Nor do we see any validity in the objection that the-notes were paid withput being first protested. The makers-had already declined to pay them, and had informed Bair of the fact, and of their inability to pay. A protest was therefore useless, and worse than useless. It was for the very purpose of saving them from protest that they were paid by Dair. The law never requires a useless and nugatory act. Payment to prevent an impending, and-otherwise unavoidable protest, is a compulsory payment,, equally as if made after protest.

Motion overruled.

Day, C. J., McIlvaine, Stone, and White, JJ., concurring..